■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED E. GAUDET, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 12, 1984, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

On appeal, defendant urges that the trial court committed error in denying his motion to suppress oral statements that he made to police officers shortly before his arrest and that the evidence was insufficient to support the verdict convicting him of assault in the first degree.

We are not persuaded by defendant's contentions regarding the oral statements he made to the police. The arresting officers testified that when they responded to a radio report of an alleged assault at 316 Ontario Street in the City of Albany, two men standing on the porch stated that there was a woman lying in a pool of blood inside the first floor apartment. When they entered the first room of the apartment they saw

blood spattered on the wall and on an overturned table, and there was a pool of blood on the floor. The officers looked through the apartment for the victim and found defendant watching television. He was unresponsive when they asked him what had happened. However, at that point a third officer informed them that the victim had been admitted to a hospital emergency room and defendant then confessed that he had had a fight with his girlfriend. Defendant claims that the foregoing statement was obtained as a result of an illegal entry into his apartment and should have been suppressed. We disagree. The officers were not required to have a warrant since the entry into the apartment and search therein was justified as a response to an emergency situation, namely, to locate and give aid to the reported victim of a serious assault *(People v Mitchell,* 39 NY2d 173, 177, *cert denied,* 426 US 953). Once lawfully in the apartment and observing the signs of violence contained therein, they had a right to question defendant as a part of their investigation.

We are similarly unpersuaded by defendant's contention that the evidence was insufficient to support the verdict on the first degree assault charge. Defendant maintains that there was no evidence that under "circumstances evincing a depraved indifference to human life, he recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.10 [3]). However, the circumstances of defendant's state of mind may be deduced from the nature and extent of the injuries inflicted on the victim *(People v Lilly,* 71 AD2d 393, 395-396). The medical testimony established that there were serious injuries to the victim's face and abdomen and that her intestine had been torn on both sides as the result of a compression of her duodenum against her spinal column. Additionally, two other witnesses testified that, on twice being in the apartment, they saw the victim lying on the floor, covered in blood, and defendant pacing near and staring at her. When the police arrived, defendant was watching television. He had not provided medical help for the victim, but rather a motorist had seen her stumbling down the street and picked her up. Defendant's conduct in brutally beating the victim and not coming to her assistance thereafter could be found by the jury to go beyond the level of recklessness and to evince a wanton indifference to human life.

Regarding defendant's assertion that the victim's life was not in grave danger, there was medical testimony that her physical injuries were of such severity that, if untreated, they would have caused her death.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.