■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REILLY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of the murder of his wife and three children. He was sentenced to consecutive indeterminate terms of 25 years to life. Defendant, *pro se,* and his appellate counsel have submitted briefs raising several issues, many of which were not properly preserved (see, CPL 470.05 [2]). The exercise of our discretion in the interest of justice to review unpreserved issues is not warranted. We discuss here only those issues requiring comment.

We reject defendant's claim that the trial court erred in permitting Dr. Barton to testify and to express an opinion regarding defendant's sanity. Dr. Barton interviewed the defendant shortly after his arrest but, because the interview was conducted in violation of defendant's right to counsel, statements made by defendant were suppressed. Defendant then moved to preclude the doctor from testifying. After a hearing, the court found that Dr. Barton could form an opinion from sources independent of that interview and denied the motion. There is ample evidence in the hearing record to support the court's finding that Barton's opinion was not the fruit of defendant's confession but was gained from independent sources (see, *People v Cerami,* 33 NY2d 243, 249, *rearg denied* 34 NY2d 755; *People v Royle,* 116 AD2d 1009). The court's determination should not be disturbed (see, *People v Prochilo,* 41 NY2d 759).

Photographs of the victims were relevant in connection with testimony by the Medical Examiners regarding the nature of injuries and cause of death, and photographs of the wife alone and in bed with the three children also were relevant on the issue of intent. Because they were not admitted solely for the purpose of arousing the sympathy of the jury, their admission into evidence did not constitute an abuse of discretion *(People*

*v Pobliner,* 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v McNeeley,* 77 AD2d 205, 211).

Defendant's contention that evidence seized from his home should have been suppressed is without merit. The police received a call from defendant's employer informing them that he had received a call from defendant and that he sounded depressed. When police arrived at defendant's home to check on defendant's welfare, he advised them that he had killed his wife and children. Police then entered the home to ascertain whether the statement was true and whether any occupants required attention. Entry into the home was justified as an emergency measure *(see, Mincey v Arizona,* 437 US 385; *People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953; *People v Gaudet,* 115 AD2d 183, *lv denied* 67 NY2d 883), many items of evidence were in plain view, and the investigation conducted at the scene was justified by the circumstances and was reasonable *(see, People v Gaudet, supra; People v Cohen,* 87 AD2d 77, *affd* 58 NY2d 844, *cert denied* 461 US 930).

We also reject defendant's claim that he was denied the effective assistance of counsel. Counsel's representation, when viewed in its entirety, was meaningful *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147).

Lastly, on this record, imposition of consecutive maximum terms of imprisonment was not an abuse of discretion. We have considered each of the remaining issues preserved for review and find them lacking in merit. (Appeal from judgment of Monroe County Court, Celli, J.—murder, second degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.