■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THEBNER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered April 7, 1989, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing

(Tisch, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant told police that, in an attempt to scare his girlfriend, he went to his gun rack and removed a rifle which he knew to be loaded. When he threatened to commit suicide, his girlfriend allegedly grabbed for the weapon and it discharged accidentally in a struggle which ensued between them, killing her. Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

The defendant began speaking to the police at approximately 4:00 P.M. on the day of the shooting and returned home at approximately 11:30 P.M. During that interval, he was not handcuffed or restrained in any way. He informed the police that he was willing to make a statement and voluntarily went to the precinct for questioning. "It is apparent that a reasonable man, innocent of any crime, would not have perceived himself to be in custody at the time when he made his initial admissions" *(People v Day,* 150 AD2d 595, 599). In any event, the defendant gave his statements after separate, valid waivers of his rights. Additionally, since the record is devoid of any evidence that the police prevented the defendant from speaking with his family in an effort to bar his right to counsel and to obtain a confession, we find no infringement of his constitutional rights *(see, People v Jackson,* 118 AD2d 731). Accordingly, the hearing court did not err in refusing to suppress the defendant's statements.

The defendant's father advised the police that his son shot his girlfriend in his bedroom and proceeded to lead them down a hallway from which they could see the room where the shooting occurred. In the room, the police saw a rifle and shell casing in plain view. These items were properly seized since the officers observed them as a result of the father's consent to view the room *(see, People v Bostick,* 151 AD2d 768, 769-770). The police were legitimately within the Thebner residence with the knowledge that either a tragic accident or serious crime had just occurred. Many items of evidence were in plain view and the investigation conducted at the scene was justified by the circumstances and was reasonable *(see, People v Reilly,* 155 AD2d 961, 962; *People v Cohen,* 87 AD2d 77, 87, *affd* 58 NY2d 844, *cert denied* 461 US 930).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur. *[See,* 142 Misc 2d 538.]