■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LAWRENCE, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered March 14, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of from 3 years to life imprisonment, unanimously affirmed.

Defendant's sister approached police officers and stated her concern for her brother's drug habit, explaining that he smoked crack in her apartment. Further, she stated that substantial traffic moved in and out of the apartment, and requested the officers to persuade her brother to enter a drug program. The sister invited police into the house, to speak to her brother. As they passed down a hallway, she pointed out defendant's bedroom. The door to the bedroom was open. As two officers continued down the hallway with the sister, one officer remained outside of the open bedroom door. This officer testified at the suppression hearing that, about three feet inside the bedroom, he observed several glassine envelopes with a white powdery substance, overflowing from a shopping bag. Concluding that the white powder was drugs, the officer stepped inside, lifted up a glassine envelope and observed two machine guns by the shopping bag. Defendant was arrested. A subsequent search of the bedroom turned up large quantities of ammunition. The sister subsequently signed a form evidencing her consent to the original entry of the apartment.

The arresting officer was lawfully located at a vantage point from which he observed the evidence, the contraband nature of the evidence was immediately apparent, and its discovery clearly was inadvertent (Coolidge v New Hampshire, 403 US 443). The sister's consent in the present case was a sufficient predicate for lawful police presence in the hallway from which the observations were made (People v Jackson, 41 NY2d 146, 150). The mere fact that the consent was limited to entry for purposes of discussion, and not for a search, cannot logically

limit the proximity of the consent to only a location where the brother was located. It would defy common sense to require police officers to close their eyes to anything except the immediate subject which formed the predicate for the consensual entry.

Defendant's appellate contention that the officer could not infer that the powder in the large glassine envelope was contraband, was not raised at the hearing, and is unpreserved for review *(People v Martin,* 50 NY2d 1029). In any event, defendant's contention is meritless. Glassine envelopes containing white powder, whether observed on the street *(People v McRay,* 51 NY2d 594, 601) or in plain view in cars *(People v Greenridge,* 131 AD2d 303, 304), are well established as a telltale sign of narcotics. There is no logical distinction between observations of contraband in plain sight on the street, or similar observations made while police are lawfully in a private residence. Under the circumstances of this case, defendant's contention that the likelihood that household cleaning products could have been stored in the glassine envelopes and therefore should have vitiated any inference of criminality attaching to the white powder, is meritless.

Finally, once the officer observed the contraband from his lawful vantage point, no constitutional infirmity invalidated his entry through the open bedroom door to investigate. *(People v Jackson, supra; People v Thebner,* 168 AD2d 653.) Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.