■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO STAGNITTO, Appellant. [691 NYS2d 223] —Judgment unanimously affirmed. Memorandum: Following a nonjury trial, defendant was convicted of criminal possession of a dangerous weapon in the first degree (Penal Law § 265.04),

criminal possession of a weapon in the second degree (Penal Law § 265.03), two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]), attempted manufacture of weapons and dangerous instruments and appliances (Penal Law §§ 110.00, 265.10 [1]), and three counts of unlawful possession of an assault weapon (Rochester City Code § 47-5 [F]).

Defendant was making a "homemade firecracker" in his living room when it exploded and blew off three of his fingers. Police responded to a 911 call at defendant's home. After defendant was taken to the hospital, his wife consented to a limited search of the home that excluded the upstairs bedrooms. Because the initial police officers on the scene lacked the expertise necessary to investigate the matter properly, they called in the bomb squad. The bomb squad recognized that the devices and mixtures therein were highly volatile and conducted an immediate warrantless search of the house to uncover any other potential explosives. The search disclosed several illegal firearms and ammunition in a closet in defendant's bedroom. Two days later the police returned with a search warrant and found additional items.

Supreme Court properly denied defendant's suppression motion. The record supports the court's determination that the warrantless search was justified by exigent circumstances (*see, Mincey v Arizona,* 437 US 385; *People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953; *People v Reilly,* 155 AD2d 961, 962, *lv denied* 75 NY2d 923). The situation confronting the bomb squad satisfied the three basic elements set forth in *People v Mitchell* (*supra,* at 177-178).

There is no merit to defendant's contention that the conviction of three counts of unlawful possession of an assault weapon under Rochester City Code § 47-5 (F) should be reversed because it is preempted by article 265 of the Penal Law, which regulates firearms and other dangerous weapons (*see, People v Judiz,* 38 NY2d 529, 531-532). The mere fact that a local ordinance has some connection with a subject upon which a State statute exists does not automatically vitiate it (*see, People v New York Trap Rock Corp.,* 57 NY2d 371, 378).

Defendant contends that the verdict convicting him of criminal possession of a dangerous weapon in the first degree and criminal possession of a weapon in the second degree is against the weight of the evidence because the People failed to establish that he possessed the explosive substance or machine gun with intent to use the same unlawfully against the person or property of another. The court could properly consider the

statutory presumption of intent (*see,* Penal Law § 265.15 [4]). Defendant's denial of any intent to use either the explosive substance or machine gun unlawfully against the person or property of another merely raised an issue of credibility. The trier of fact gave the evidence the weight it should be accorded, and we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People ex rel. MacCracken v Miller,* 291 NY 55, 61-62). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Dangerous Weapon, 1st Degree.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ