THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY JOSEPH BOWER, II, Appellant. [811 NYS2d 248]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered July 28, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated assault upon a police officer (two counts), endangering the welfare of a child (two counts), criminal possession of a weapon in the fourth degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of attempted aggravated assault upon a police officer (Penal Law §§ 110.00, 120.11) and endangering the welfare of a child (§ 260.10 [1]), and one count each of criminal possession of a weapon in the fourth degree (§ 265.01 [4]) and harassment in the second degree (§ 240.26 [1]). Defendant's conviction stems from an incident wherein defendant attempted to choke his wife. His wife fled from their home and, in contacting the police, informed them that defendant was suicidal and remained inside the house with their two young children. Defendant refused to leave the house to speak with the police, and refused to release the children. After a stand-off with the police that lasted approximately 30 hours, defendant released the children and shortly thereafter left the house.

By pleading guilty, defendant forfeited his present contention that the first two counts of the indictment were duplicitous (*see People v Shumway*, 295 AD2d 916, 917 [2002]; *People v Vega*, 268 AD2d 686, 687 [2000], *lv denied* 95 NY2d 839 [2000]). We reject the further contention of defendant that County Court erred in refusing to suppress the statements he made to the police during the stand-off as well as evidence seized by the police from his home after he left the house. Contrary to defendant's contention, *Miranda* warnings were not required during the negotiations with the police because defendant was neither in custody nor subjected to interrogation during the negotiations (*see People v Scott*, 269 AD2d 96, 97-99 [2000], *lv denied* 95 NY2d 892 [2000]). In any event, even if defendant had been subjected to custodial interrogation, we would nevertheless conclude that the public safety exception to the *Miranda* rule applied, rendering the statements admissible, inasmuch as defendant repeatedly threatened to harm himself, the police, and

the children (*see id.* at 99). Defendant also made several statements indicating that there were explosives inside the home, and that, in addition to the children, another person was inside the home. We thus further conclude that the existence of exigent circumstances justified the warrantless search of the home by the police after defendant left the home (*see People v Parker,* 299 AD2d 859 [2002]; *People v Stagnitto,* 261 AD2d 890 [1999], *lv denied* 93 NY2d 1028 [1999]; *People v Reilly,* 155 AD2d 961, 962 [1989], *lv denied* 75 NY2d 923 [1990]; *see generally People v Molnar,* 98 NY2d 328, 332 [2002]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.