■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALINA DZEBOLO, Appellant. [814 NYS2d 737]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered August 13, 2004, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the warrantless search and seizure of certain items in her apartment did not violate her rights under the Fourth Amendment of the United States Constitution. The police responded to the defendant's apartment in response to an emergency call for an ambulance and, upon their arrival, the defendant let the police into the apartment. While the police lawfully remained inside the apartment, they properly seized only those items, in plain view, which constituted evidence of a crime (*see Texas v Brown,* 460 US 730, 741-742 [1983]; *People v George,* 7 AD3d 810, 811 [2004]; *People v Dixon,* 281 AD2d 430 [2001]; *People v Rielly,* 190 AD2d 695, 695-696 [1993]; *People v Thebner,* 168 AD2d 653, 654 [1990]; *People v Reilly,* 155 AD2d 961, 962 [1989]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's contention that she was deprived of a fair trial by certain statements made by the prosecutor during summation is without merit and the defendant's remaining contentions are unpreserved for appellate review. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.