■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. NICHOLS, Appellant. [821 NYS2d 534]—Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 22, 2004. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of murder in the

second degree (Penal Law § 125.25 [1], [2]). The facts and circumstances surrounding defendant's plea colloquy establish that the waiver of the right to appeal is valid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Jennings*, 8 AD3d 1067 [2004], *lv denied* 3 NY3d 676 [2004]; *People v Brown*, 281 AD2d 962 [2001], *lv denied* 96 NY2d 899 [2001]), and thus we reject the contention of defendant that he did not knowingly, intelligently and voluntarily waive the right to appeal. The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256) and, in any event, the sentence is not unduly harsh or severe. Insofar as the contention of defendant that he was denied effective assistance of counsel survives the plea and the waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that defendant was not denied effective assistance of counsel (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). By pleading guilty, defendant forfeited his challenge to the first and second counts of the indictment as multiplicitous (*see generally People v Hansen*, 95 NY2d 227, 230-232 [2000]; *People v Bower*, 27 AD3d 1122 [2006], *lv denied* 6 NY3d 892 [2006]; *People v Bracewell*, 26 AD3d 812 [2006]) and, in any event, the valid waiver of the right to appeal encompasses that nonjurisdictional challenge (*see generally People v Verrone*, 266 AD2d 16, 18 [1999]).

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and we conclude that they are without merit. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.