OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
During the course of an investigation the police officer was admitted to the defendant’s premises. Before leaving he observed a young woman, draped in a blanket, who indicated a desire to accompany the officer when he left. Once outside she informed the officer that she had just been raped by the defendant. After placing the victim in his car and calling for assistance, the officer immediately returned for the purpose of arresting the defendant. However he found the bedroom window open, the screen pushed out, and the suspect gone. The officer noticed, in plain view, a ripped sheet parts of which were allegedly used to restrain the victim. The sheet was not immediately seized. The police staked out the premises, ob *760 tained a fugitive warrant and maintained a vigil awaiting the suspect’s return. After four days of surveillance, the police left the premises taking the sheet with them. The initial entry for the purpose of arresting the defendant had not been unlawful and it certainly cannot be said that the defendant had any expectation of privacy in the premises from which he had fled. The evidence seized (i.e., the sheet) was in plain view. Under the circumstances the removal of the sheet cannot be said to have been unreasonable and therefore the refusal to suppress was proper.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Orders affirmed in a memorandum.