■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHRISTIAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ferraro, J., at the plea; Farlo, J., at sentencing), rendered November 11, 1983, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree (two counts), and criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Ferraro, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain evidence.

Judgment affirmed.

At about 4:40 A.M. on the morning of January 29, 1983, three police officers were on duty in an unmarked car in Queens when they received a radio transmission referring to a robbery in progress at a McDonald's restaurant on Astoria Boulevard, in their vicinity. A second radio transmission soon after the first informed them that the robbery had been completed, and described, in connection therewith, a blue Mazda containing two persons, a black man and woman. At about 4:45 A.M., at the intersection of 98th Street and Northern Boulevard, within a mile of the robbery, the officers observed a blue Mazda stopped at a light; they pulled up next to the Mazda, and saw that it contained a black man and woman. While the officers were stopped next to the Mazda, they received a third radio call, further describing the perpetrators of the McDonald's robbery as a black man wearing metal-rimmed glasses and a hooded jacket, and a black woman with a blue jacket. The two persons in the Mazda appeared to fit this additional description also. The officers followed the car as it made a turn. When the Mazda approached an entrance to the Grand Central Parkway, however, the officers blocked its path and displayed a badge to its occupants; the Mazda then sped off at a high rate of speed, only to collide

with another radio car and come to rest against a telephone pole. The defendant Christian, the driver, was injured and remained in the car, but his codefendant, Trudy Davis, exited the vehicle and ran; the officers saw money blowing out of the open door of the car and recovered a gun on the floor of the car by the defendant's foot. A McDonald's restaurant slip was also found in the car, and the defendant was arrested. While he was being placed in an ambulance, two witnesses to the McDonald's robbery were brought to the scene and identified the defendant and his codefendant as the robbers. Later, while at the hospital, the defendant initiated a conversation with a police officer and made an inculpatory statement.

The defendant sought to suppress, *inter alia,* all the property recovered from the Mazda, and his statement. No evidence was presented at the suppression hearing as to who provided the police with the information about the robbery and the description of the perpetrators which was subsequently passed on to the arresting officers, and the defendant and his codefendant both raised this omission as a ground for suppression, citing *People v Lypka* (36 NY2d 210, 213). Those branches of the defendant's motion were denied, however, the hearing court stating that the police officers possessed a reasonable suspicion that the car's occupants had been involved in criminal activities under "the totality of circumstances". The defendant subsequently pleaded guilty. We affirm.

Although the "totality of the circumstances" test for information supplied to the police by an informant under *Illinois v Gates* (462 US 213) has recently been rejected by the New York Court of Appeals with respect to warrantless arrests *(People v Johnson,* 66 NY2d 398), we find that the denial of those branches of the defendant's motion which were for suppression of evidence was proper. In the instant case, the challenged police conduct could be sustained either by proof that the sender of the radio message actually possessed the requisite knowledge, which was not established here since the source of the sender's knowledge is unknown, or by proof that the personal observations of the receiving officer justified the search *(see, e.g., People v Havelka,* 45 NY2d 636, 641; *People v De Bour,* 40 NY2d 210, 223-224; *People v Lypka, supra,* at p 214). Here, the radio transmission provided the police with sufficient information so that an inquiry of the defendant was warranted and justified. However, in response to the officers' lawful attempt to stop and question him, the defendant fled at a high speed and hit another police car; his codefendant then

attempted to escape on foot; money was seen blowing out of the car, and a gun was found in plain view by the defendant's feet. At this point, the officers' own observations were sufficient to justify the search of the car. Therefore, those branches of the defendant's motion which were for suppression were properly denied.

With respect to the defendant's guilty plea, he failed to raise his present objection in the court of first instance and, accordingly, has not preserved that claim for appellate review (see, People v Hoke, 62 NY2d 1022; People v Pellegrino, 60 NY2d 636). In any event, we find that the allocution set forth the requisite elements of the crimes charged, and that the defendant knowingly and intelligently pleaded guilty.

Finally, we note that the defendant received the sentence for which he bargained, and that his sentence was appropriate under the circumstances of this case. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.