■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CASTRO, Appellant.—Appeal by the defendant from a

judgment of the County Court, Nassau County (Ain, J.), rendered January 4, 1985, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made to a police officer.

Ordered that the judgment is affirmed.

The trial court's refusal to suppress physical evidence and a statement was proper. The record reflects that the defendant's arrest was supported by probable cause (CPL 140.10 [1] [a]; *People v De Bour,* 40 NY2d 210; *People v Christian,* 118 AD2d 793) and that the subsequent search of the defendant was incident to a lawful arrest *(see, Chimel v California,* 395 US 752, *reh denied* 396 US 869; *People v Weintraub,* 35 NY2d 351). Further, the statement which the defendant sought to suppress, which was made after he was advised of his *Miranda* rights and after he indicated that he did not wish to make a statement, was blurted out while the defendant was being searched at the precinct. Upon this record we conclude that the statement sought to be suppressed was spontaneous and voluntary and was not the product of any police conduct designed to evoke a declaration *(see, People v Lynes,* 49 NY2d 286). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.