■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN McGAHA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered December 7, 1985, convicting him of burglary in the second degree and grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On January 9, 1985, the police were summoned to an apartment building where a burglary was in progress in a second-floor apartment. Upon arrival, two detectives were advised by a witness that a burglar fled up the stairs carrying a television set. A cursory inspection of the burglarized premises revealed that the intruder gained access via a fire escape. The detectives ascended the stairs and saw the defendant exiting an apartment which was directly above the burglarized apartment and which had a broken lock and broken door jam. The detectives did not see anyone else in the area. In

response to the detectives' inquiry, the defendant stated that he did not live in that apartment. At that point, the defendant was detained in the hallway by one of the detectives. The other detective, believing the witness had informed him that there was more than one burglar, entered the premises in search of other suspects. Once inside, the detective saw the stolen television set on the bed in one of the bedrooms. The searched apartment belonged to the defendant's wife; the defendant had not lived there for several years. The defendant maintained a legal residence at another location. Although he had always had a key to his wife's apartment, on the day of his arrest, the defendant allegedly was at the apartment for the sole purpose of caring for the couple's child.

The defendant maintains that the court erred in denying that branch of his omnibus motion which was to suppress the television set on the ground that he lacked standing. Since the detectives lacked probable cause to detain him, the defendant contends that the arrest was illegal and the subsequent warrantless search and seizure flowing therefrom must also be suppressed. We disagree.

The defendant failed to demonstrate he had a reasonable expectation of privacy in any room of the searched premises. The mere fact that he occasionally spent the night at his wife's home is an insufficient basis for granting standing *(see, People v Ponder,* 54 NY2d 160). According to the defendant, on the day the burglary occurred, his wife gave him permission to be in her apartment to care for their child. However, prior to the burglary, the defendant had taken the child to stay at a relative's apartment. Since the defendant was merely a transient at his wife's apartment, he lacked any expectation of privacy, and accordingly lacked the requisite standing to challenge the introduction of the evidence seized at the apartment *(see, People v De Moss,* 106 AD2d 395).

Additionally, we note that it was proper for the police to initially detain the defendant as the surrounding circumstances implied criminal activity sufficient to rise to the level of reasonable suspicion *(see, People v White,* 117 AD2d 127, *lv denied* 68 NY2d 818; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Due to the location of the apartment which the defendant was seen exiting, the police could logically conclude that it shared a common fire escape with the burglarized apartment. Noticing the damage to the door, the detectives believed that this apartment too had been burglarized and the defendant's response that he did not reside therein further compounded the

detectives' belief that he was the perpetrator. Based on this encounter, it was appropriate to detain the defendant *(see, People v Kirby,* 124 AD2d 67, *lv granted* 69 NY2d 888, *appeal dismissed* 70 NY2d 836). Furthermore, based on the belief that possibly another suspect was hiding inside, the detective's entry into the apartment to search for additional suspects was proper *(see, People v Anderson,* 127 AD2d 774, *lv denied* 69 NY2d 947). Such an intrusion was justified considering the exigent nature of the circumstances *(see, People v Hodge,* 44 NY2d 553). Once inside, the detective discovered the television set in plain view, and therefore it was properly admitted into evidence *(see, People v Spinelli,* 35 NY2d 77). Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.