■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MILLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered June 8, 1987, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On July 18, 1986, at approximately 4:30 P.M., a police officer received a telephone call from a citizen who identified himself by name and who claimed to be the resident of apartment 3-C at a certain address on 193rd Street. This individual informed the officer that several men would be present at that apartment until approximately 5:00 P.M. that day, and that these men were in possession of illegal narcotics and weapons. This civilian informant made arrangements to admit the police into the apartment, but when the police arrived at the apartment shortly thereafter, it was another man, not the informant and not the defendant, who responded to the door. The police entered the apartment, without a warrant, and conducted a search which led to the discovery of the evidence which the defendant sought to suppress.

The denial of the defendant's motion to suppress was correct for two reasons. First, the defendant failed to produce evidence sufficient to meet his burden of proving that he had a reasonable expectation of privacy in apartment 3-C so as to have standing to challenge the warrantless search. "[A] warrantless search may only be challenged by one having a reasonable expectation of privacy in the place or object of the search" *(People v Reynolds,* 71 NY2d 552, 557; *see also, People v Wesley,* 73 NY2d 351; *People v Rodriguez,* 69 NY2d 159; *People v Ponder,* 54 NY2d 160; *cf., People v Millan,* 69 NY2d 514). It is the defendant's burden to prove that his alleged expectation of privacy in the area searched was reasonable *(see, People v Wesley, supra,* at 358; *People v Rodriguez, supra,* at 163). The incredible testimony of the defendant's father,

who stated that the defendant resided in some unidentified building on 193rd Street, was patently insufficent, even if believed, to warrant the conclusion that the defendant had a reasonable expectation of privacy in the particular apartment which was searched.

Second, we conclude that the search was justified on the grounds that the police justifiably relied "on the apparent capability of an individual to consent to [the] search" and that "the circumstances reasonably indicate[d] that that individual [did] in fact, have the authority to consent" *(People v Adams,* 53 NY2d 1, 9, *cert denied* 454 US 854; *see also, People v George,* 150 AD2d 486, 487; *People v Thomas,* 141 AD2d 781). The civilian informant who reported the criminal activity asserted that he was the occupant of the apartment in question and there was no proof of any circumstance "which would [have caused] a reasonable person to question the consenting party's power or control over the premises" *(People v Adams, supra,* at 10). There is nothing in the present record which suggests that the civilian informant in this case did not, in fact, have the authority to consent to the search of what by all indications was his own apartment *(cf., People v Adams, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.