■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court erred in denying his motion to suppress the evidence seized at his home. Because, as found by the suppression court, the police officers had articulable facts that warranted reasonably prudent officers in believing that the attic of defendant's home might harbor an individual posing a danger to those on the scene, the officers properly conducted a limited protective sweep search of that area in conjunction with their arrest of defendant *(see, Maryland v Buie,* 494 US 325; *People v Febus,* 157 AD2d 380, 384-385, *lv granted* 76 NY2d 898, *appeal dismissed* 77 NY2d 835). Further, because the murder weapons were found in plain view during the course of the protective sweep, they were properly seized by the police *(see, People v Febus, supra; see also, People v Myrtetus,* 43 NY2d 758, 759-760). Additionally, we find that there is no merit to defendant's contention that the trial court erred in denying his mid-trial motion for a severance because the codefendant's defense was not in irreconcilable conflict with defendant's defense *(cf., People v Mahboubian,* 74 NY2d 174). Defendant further contends that the

trial court committed reversible error by failing to strike Officer Pace's unresponsive answer to codefendant's counsel's questioning. Although the officer's answer was unresponsive and should have been stricken, the error was harmless because the proof of defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant but for this error *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed defendant's remaining contentions and find them to be either unpreserved or without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.— Murder, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.