■ The People of the State of New York, Appellant, v

Lewis Teage, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated September 20, 1989, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Pursuant to a radio call concerning a dispute involving a gun, the police arrived at an Amoco service station where they encountered both the defendant and the complainant, Joseph Easton. Easton informed the police that he was employed by the owner of the station and that he had been left in charge that day. He further revealed that he had had a dispute with the defendant approximately 10 minutes before the police arrived. During the course of the altercation, the defendant had allegedly produced a firearm from his waistband and threatened Easton with it. Easton further informed the police that the gun had been left in a storage area adjoining the office and was possibly in a cabinet located in that room. After a brief search, the officer retrieved the gun, which Easton identified as the one with which the defendant had threatened him.

The search of the storage area was justified on the ground that the police justifiably relied upon " 'the apparent capability of [Easton] to consent to a search and the circumstances reasonably indicate[d] that [he] did, in fact, have the authority to consent' " *(People v Adams,* 53 NY2d 1, 9, *cert denied* 454 US 854; *People v George,* 150 AD2d 486, 487). There is nothing in the present record to suggest that Easton did not have the apparent authority to consent to the warrantless search *(see, People v Mills,* 159 AD2d 520, 521).

Moreover, the testimony adduced was insufficient to establish that the defendant and the owner of the service station were partners on the date of the incident. The defendant failed to establish that he had a legitimate expectation of privacy sufficient to afford him standing to challenge the search of the storage room or the seizure of the gun.

Accordingly, the hearing court erred in suppressing the physical evidence. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.