■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMAL SAID, Also Known as KENNETH SAID, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that defendant's conviction of criminal possession of a controlled substance in the fourth degree is supported by legally sufficient evidence that defendant constructively possessed the cocaine *(see,* Penal Law § 10.00 [8]; *People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041; *People v Rodriguez,* 104 AD2d 832, 834; *cf., People v Ortiz,* 126 AD2d 677, 678, *lv denied* 70 NY2d 652).

The prosecutor's cross-examination of defendant's son concerning a statement that he allegedly made to police in 1985 about defendant's prior bad acts was improper. It is well-established that on cross-examination, a witness's testimony concerning collateral matters may not be contradicted by producing extrinsic evidence for the sole purpose of impeaching the witness's credibility *(see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *see also, People v Pavao,* 59 NY2d 282, 288-289). In view of the overwhelming evidence of guilt, however, we deem the error harmless because there is no "significant probability" that the jury would have acquitted defendant but for the error *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Defendant's contention that the court erred by failing to

include the "moral certainty" or similar language in its charge on circumstantial evidence has not been preserved for our review because defendant neither requested such a charge nor objected to the court's charge as given *(see,* CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that the court's charge "highlighted" the People's case in this constructive possession prosecution by failing to object to the charge as given *(see,* CPL 470.05 [2]). We decline to reach those unpreserved issues in the interest of justice.

Defendant was not deprived of a fair trial by prosecutorial misconduct during summation *(see, People v Rubin,* 101 AD2d 71, 77; *cf., People v Mott,* 94 AD2d 415) or by the People's failure to produce at trial the cocaine found in defendant's home *(see,* CPL 240.70 [1]; *People v Martinez,* 71 NY2d 937). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Doerr, J. P., Boomer, Pine and Davis, JJ.