■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ARROYO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 17, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find that the hearing court properly declined to suppress a gun which was found in plain view in a public place and which was not the product of a search. "[T]he sighting of the * * * gun in plain view was inevitable, and the drawing of the police officers' guns was not a *sine qua non* of its discovery" *(People v Simms,* 57 AD2d 579, 580). "Contraband coming into the plain view of an officer who has the right to be in the position to have that view is subject to seizure" *(People v Moorer,* 58 AD2d 878, 879). Here, the butt of the gun was jutting out of a bag which was placed in a public place and was thus subject to seizure.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed the gun, and that the gun was loaded and operable. The defendant was first observed in a crouched position at the location where the nylon bag, from which the handle of the gun was protruding, was found. He was the only individual in the vicinity of the bag, and was stopped and frisked within seven to eight feet of the bag. The nylon bag, among other things, also contained four photographs of the defendant. This evidence was legally sufficient to establish the defendant's constructive possession of the weapon *(see, People v Williams,* 43 NY2d 725).

There was legally sufficient evidence to establish that the gun was loaded and operable *(see, People v Cavines,* 70 NY2d 882; *People v Totten,* 161 AD2d 678). The detectives testified to hearing what sounded like three gunshots moments before the gun was seized. When they inspected the gun they found it to contain three live rounds and three spent shells. Moreover, the ballistics report also indicated that the "gun and ammo tested are operable" and the failure to call the ballistics expert did not render the report inadmissible *(see, People v Magri,* 3 NY2d 562).

The defendant's remaining contentions are either unpreserved for appellate review or meritless. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.