■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILSON, Appellant. [594 NYS2d 792] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered September 4, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing showed that at about 8:20 P.M. on September 15, 1990, Police Officer Blache and his partner were on routine motor patrol in front of an apartment building located on Kissena Boulevard in Queens County when they were approached by an anonymous female coming from the direction of the building who told them that there was a violent dispute going on inside apartment 3-U. The officers immediately proceeded to the apartment at which point Officer Blache testified that he heard the sounds of gunshots and of people moving and conversing inside the apartment. Although their first attempt to gain

entry into the apartment was unsuccessful, Officer Blache was able to gain entry within a minute or so after his arrival. Once inside, the officer could observe in plain view a quantity of drugs and drug paraphernalia as well as six people, including the defendant, at various locations throughout the apartment. A subsequent sweep through the back bedroom of the apartment revealed more drugs and drug paraphernalia as well as a "revolver-style" starter pistol, also all in plain view.

The defendant's argument that Officer Blache's hearing testimony was not credible and that it was obviously tailored to meet constitutional objections is without merit. It is well settled that "the determination of the suppression court, with its advantages of having seen and heard the witnesses" must be accorded great weight on appeal, and its determination should not be disturbed if it is supported by the record (*People v Prochilo*, 41 NY2d 759, 761; *People v McAvoy*, 142 AD2d 605; *see, People v Tromp*, 160 AD2d 750; *see also, People v Davis*, 166 AD2d 604; *People v Rose*, 159 AD2d 600). We find that there is ample support for the hearing court's resolution of credibility issues and its determination to credit Officer Blache's testimony.

We further find that the hearing court properly determined that the exigencies of the situation justified the warrantless entry into the defendant's apartment (*see, People v Mitchell*, 39 NY2d 173, *cert denied* 426 US 953; *People v Mato*, 160 AD2d 435; *People v Cartier*, 149 AD2d 524). Since the officers had lawfully entered the apartment, the subsequent seizure of the drugs and drug paraphernalia which were in plain view was proper (*see, People v Reilly*, 155 AD2d 961; *People v Brown*, 115 AD2d 791; *People v De Vito*, 114 AD2d 374). Moreover, in view of the number of people in the apartment, the presence of drugs and drug paraphernalia, and the sound of gunshots, Officer Blache was justified in conducting a sweep through the back bedroom of the apartment to check for the presence of any possible gunmen who might be hiding there (*see, People v Rivera*, 172 AD2d 1059; *People v Golob*, 154 AD2d 709; *People v McGaha*, 144 AD2d 388; *People v Green*, 103 AD2d 362). Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.