■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT SOTO, Also Known as GILBERTO SOTO, Appellant. [608 NYS2d 87] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered March 30, 1992, convicting him of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements and physical evidence.

Ordered that the judgment is affirmed.

The record reflects that the defendant's arrest was supported by probable cause. Further, the officers' entry into the apartment where the defendant was hiding was permissibly based upon the prior consent of a resident of the apartment (*see, People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286; *People v Prochilo,* 41 NY2d 759; *People v Greenberg,* 187 AD2d 528; *People v Auxilly,* 173 AD2d 627). The hearing court properly denied suppression of a handgun found in open view (*see, People v Wilson,* 191 AD2d 528; *People v Reilly,* 155 AD2d 961), and also two other handguns removed from a bag that the defendant was clutching when the police lawfully placed him under arrest (*see, People v Johnson,* 154 AD2d 395; *People v Castro,* 130 AD2d 501; *People v Brown,* 184 AD2d 647).

We have reviewed the defendant's remaining contentions and find them to be without merit (*see, People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953; *People v Wilson, supra;*

*People v Cornielle,* 172 AD2d 681). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.