■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE HUFF, Appellant. [607 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered March 15, 1990, convicting him of robbery in the first degree (three counts), robbery in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion on appeal, the hearing record demonstrates that the police entered his apartment and arrested him only after obtaining the permission of his mother, an individual who clearly possessed the authority to consent to their entry (see, People v Adams, 53 NY2d 1, cert denied 454 US 854; People v Venable, 192 AD2d 565). The defendant contends that the hearing testimony of his mother, whom he called as his witness, denying that she gave the police permission to enter the apartment is more credible than that of the People's witnesses on the issue of consent. However, the determination of the hearing court which had the advantage of seeing and hearing the witnesses should not be set aside unless clearly unsupported by the record (see, People v London, 160 AD2d 734). We find that the record supports the hearing court's resolution of the credibility issues in favor of the People. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.