■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JOHNSON, Appellant. [614 NYS2d 150] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered August 18, 1992, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH JOHNSON, Also Known as DONALD WILLIAMS, Appellant. [611 NYS2d 601] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered August 5, 1991, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion on appeal, the hearing

record demonstrates that police officers entered his apartment, arrested him, and seized drugs, weapons, and other contraband found in plain view, only after obtaining the permission of a co-occupant of the apartment who clearly possessed the authority to consent to their entry *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Huff,* 200 AD2d 761). The defendant contends that the hearing testimony of his witnesses, including the testimony of the co-occupant denying that she gave the police permission to enter the apartment, is more credible than that of the People's witnesses on the issue of consent. However, the determination of the hearing court, which had the advantage of seeing and hearing the witnesses, is entitled to great deference and should not be set aside unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Huff, supra).* We find that the record supports the hearing court's resolution of the credibility issues in favor of the People.

In any event, the hearing court properly determined that the exigencies of the situation justified the warrantless entry into the defendant's apartment *(see, People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953; *People v Carby,* 198 AD2d 366; *People v Wilson,* 191 AD2d 528, 529). Since the officers had lawfully entered the apartment, the subsequent seizure of the drugs, weapons, and other contraband which were in plain view was proper *(see, People v Wilson, supra,* at 529; *People v Arroyo,* 188 AD2d 655, 656).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.