■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARRELL, Also Known as JOHN HAROLD, Appellant. [617 NYS2d 776] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County, (Rotker, J.), rendered April 2, 1990, convicting him of the criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated June 29, 1992, which denied his motion to vacate the judgment. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment and order are affirmed.

The defendant's conviction stems from a series of narcotics sales to an undercover police officer which took place in the defendant's home. The Supreme Court properly denied suppression of the undercover officer's in-court identification of the defendant. Although the officer was shown two isolated photographs of the defendant, the viewing of the photographs was confirmatory in nature and conducted as part of an ongoing police investigation, enabling the investigating police team to ascertain with whom they were dealing (see, People v Kearn, 118 AD2d 871; People v Waring, 183 AD2d 271, 273-274). In any event, given the quantity and quality of the undercover officer's observations of the defendant, he clearly had an independent source upon which to base his in-court identification (see, People v Waring, supra, at 275).

Contrary to the defendant's contention, the court did not err in allowing into evidence the scale and vials which were seized in the defendant's home at the time of his arrest. In executing an arrest warrant, police officers are permitted to conduct protective sweeps in order to ensure their safety and any evidence discovered in plain view may be seized (see generally, People v Knapp, 52 NY2d 689; Maryland v Buie, 494 US 325, 333).

We further reject the defendant's contention that the trial court erroneously denied his motion for an expanded identification charge. Since the defendant's guilt hinged upon the credibility of the People's witness, and not upon the nature and quality of his observations, the defendant was not entitled to an expanded identification charge (see, People v Whalen, 59 NY2d 273; People v Blake, 124 AD2d 666, 667).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245, 250; CPL 470.05 [2]), or without merit *(see, People v Contes,* 60 NY2d 620; CPL 470.15 [5]). Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.