■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALVARO AGUIRRE and VICTOR MENDEZ, Respondents. [632 NYS2d 154] —Appeal by the People from an order of the Supreme Court, Queens County (Robinson, J.), dated October 25, 1994, which granted those branches of the defendants' respective omnibus motions which were to suppress physical evidence.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting that branch of the omnibus motion of the defendant Alvaro Aguirre which was to suppress physical evidence and by substituting therefor a provision denying that branch of his omnibus motion; as so modified, the order is affirmed.

Acting pursuant to information received from a confidential informant, a team of police officers conducted an investigation into possible drug trafficking in Queens County. As part of that investigation, a group of officers followed a vehicle operated by the defendant Victor Mendez into an underground parking garage and arrested him after they allegedly observed a number of kilo bricks of cocaine in plain view in an unzippered duffel bag which was situated in the partially-opened trunk of the automobile. Approximately two hours later, several officers who were keeping an apartment under surveillance pursuant to the investigation seized the defendant Alvaro Aguirre as he exited the apartment. The officers then entered the premises and a brief security sweep of the apartment was conducted. The police obtained a search warrant for the premises and recovered, among other things, four additional bags containing a total of 80 kilos of cocaine. Mendez was indicted for possession of the drugs in the automobile, while Aguirre was indicted for possession of the drugs recovered from the apartment. Following a *Mapp* hearing, the Supreme Court found one detective's testimony regarding the seizure of drugs from the Mendez vehicle incredible and thus granted the application by Mendez to suppress. Moreover, the court also granted the ap-

plication of Aguirre to suppress the drugs recovered from the apartment, reasoning that the search warrant was invalid because it was based in part on the seizure of drugs from the Mendez vehicle. The People appeal.

"It is well settled that the determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight and should not be set aside unless clearly unsupported by the record" *(People v Overton,* 188 AD2d 491, 492; *see, People v Prochilo,* 41 NY2d 759; *People v Baez,* 208 AD2d 638; *People v Catala,* 198 AD2d 293). The hearing court evaluated the testimony of the detective in the light of common knowledge and ordinary human experience and found it so improbable as to be unworthy of belief. Given the implausible and contrived nature of portions of the detective's testimony, we cannot say that the hearing court erred in refusing to credit this witness *(see generally, People v Lebron,* 184 AD2d 784; *People v Miret-Gonzalez,* 159 AD2d 647; *People v Garafolo,* 44 AD2d 86). Accordingly, we decline to disturb that part of the order granting the branch of Mendez's omnibus motion which was to suppress physical evidence.

However, the hearing court erred in granting suppression with respect to Aguirre upon its determination that the search warrant was partially based on the recovery of drugs from the vehicle. Aguirre neither established nor even alleged that he had standing to challenge the seizure of drugs from the vehicle, and he could not assert a violation of the rights of Mendez as a basis for contesting the validity of the search warrant *(see, United States v Sanchez,* 719 F Supp 128, *affd* 902 F2d 1556; *People v Henley,* 53 NY2d 403; *People v Eaddy,* 200 AD2d 896; *People v Irby,* 162 AD2d 714).

Aguirre further failed to demonstrate his standing to challenge the search of the apartment, inasmuch as his claim that he resided in the premises was not credible *(see, People v Mills,* 159 AD2d 520), and the evidence established that he was a transient with no legitimate expectation of privacy therein *(see, People v Ortiz,* 83 NY2d 840; *People v Rodriguez,* 69 NY2d 159).

Even if Aguirre did have standing with respect to the apartment search, suppression would be unwarranted since the police conduct in seizing him and conducting a limited security sweep of the premises was lawful under the attendant circumstances and in view of the information which the police possessed *(see, United States v Agapito,* 620 F2d 324, *cert denied* 449 US 834; *People v Rivera,* 172 AD2d 1059; *People v McGaha,* 144 AD2d 388; *People v Green,* 103 AD2d 362). In any event,

the drugs in the apartment were properly seized pursuant to a valid search warrant adequately supported by information which was obtained prior to and independently of any alleged illegal entry and which amply demonstrated probable cause for the search (see, People v Arnau, 58 NY2d 27, cert denied 468 US 1217; People v Plevy, 52 NY2d 58; People v Seidita, 49 NY2d 755; People v Pizzichillo, 144 AD2d 589). Accordingly, we modify the hearing court's order by denying suppression with respect to Aguirre. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.