■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MERLE, Appellant. [705 NYS2d 287] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 15, 1997, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rutledge, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding him from calling an Assistant District Attorney as a witness during the suppression hearing (*see, People v Witherspoon,* 66 NY2d 973; *People v Hucks,* 175 AD2d 213). Furthermore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence found in his home because the testimony at the hearing demonstrated that the defendant had consented to the police officers' entry into his home and that the physical items in question were in plain view (*see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Soto,* 199 AD2d 440).

The defendant's contention that a sworn juror should have

been disqualified is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Albert,* 85 NY2d 851). In any event, the Supreme Court properly concluded that the juror was not grossly unqualified to serve after conducting a probing inquiry into the juror's state of mind (*see, People v Rodriguez,* 71 NY2d 214; *People v Grace,* 243 AD2d 579). O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.