■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME MENDOZA, Appellant. [717 NYS2d 371] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 25, 1997, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Marrus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested after he attacked one of several police officers reporting to a Brooklyn apartment to execute an arrest warrant for another individual. A substantial quantity of cocaine was recovered from the apartment. The hearing court properly rejected the defendant's claim that he had standing to contest the seizure of the drugs in the apartment, as he failed to establish that he had a personal legitimate expectation of privacy in the apartment as either an overnight guest or a relative of the lessee of the apartment (*see, People v Ponder,* 54 NY2d 160; *People v Aguirre,* 220 AD2d 438). Moreover, the defendant was not charged with constructive possession arising from the statutory presumption contained in Penal Law § 220.25, and therefore was not entitled to automatic standing (*see, People v Wesley,* 73 NY2d 351; *People v Tejada,* 81 NY2d 861).

The sentence was not excessive (*see, People v Kazepis,* 101 AD2d 816).

The defendant's remaining contention is unpreserved for appellate review. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.