THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLUKAYODE EDDO, Appellant. [868 NYS2d 213]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered June 7, 2005, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and sentencing him to indeterminate terms of 2 to 6 years on each of the counts of criminal possession of a controlled substance in the third degree to run concurrently with each other, and to an indeterminate term of 5 to 15 years on the count of criminal pos-

session of a controlled substance in the fourth degree to run consecutively with the other sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is modified, on the law, by directing that the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that certain physical evidence recovered during a protective sweep of his apartment should have been suppressed is without merit. Since the police officer who recovered that evidence, which turned out to be contraband, had articulable facts that warranted a reasonably prudent officer's belief that the apartment might harbor an individual posing a danger to those on the scene, that officer properly conducted a limited protective sweep search of that area (*see Maryland v Buie*, 494 US 325, 334 [1990]; *People v Rivera*, 172 AD2d 1059 [1991]; *People v Febus*, 157 AD2d 380, 383-385 [1990]; *People v McGaha*, 144 AD2d 388, 390 [1988]; *cf. People v Cohen*, 87 AD2d 77, 82 [1982], *affd* 58 NY2d 844 [1983], *cert denied* 461 US 930 [1983]). Further, because the contraband was found in plain view during the course of the protective sweep, it was properly seized by the police (*see People v Harrell*, 208 AD2d 647 [1994]; *People v Rivera*, 172 AD2d 1059 [1991]; *People v Febus*, 157 AD2d 380 [1990]; *see generally Maryland v Buie*, 494 US at 333).

The defendant's contention that the prosecution was precluded by *People v Sandoval* (34 NY2d 371, 375 [1974]) from inquiring into his prior convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jones*, 41 AD3d 507, 508 [2007]; *People v Brito*, 179 AD2d 666 [1992]), and, in any event, is without merit. The trial court did not err in granting the People's application to modify its *Sandoval* ruling to permit the prosecutor to inquire, on cross-examination, into the facts of a prior youthful offender adjudication for drug sales since, on direct examination, the defendant opened the door to such questioning on cross-examination (*see People v Brown*, 11 AD3d 474, 475 [2004]; *People v Sims*, 245 AD2d 316 [1997]; *People v Johnson*, 203 AD2d 588 [1994]).

The defendant failed to preserve his claims that the convictions were not supported by legally sufficient evidence (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Consecutive sentences may be imposed if " 'either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct' " (*People v Jones*, 41 AD3d 507, 508-509 [2007], quoting *People v Ramirez*, 89 NY2d 444, 451 [1996]). Here, the offenses of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree were committed through a single act. Accordingly, concurrent terms of imprisonment should have been imposed (*see* Penal Law § 70.25 [2]; *People v Smith*, 209 AD2d 996, 997 [1994]; *People v Saa*, 199 AD2d 346, 346-347 [1993]; *compare People v Martinez*, 239 AD2d 437 [1997]).

However, the indeterminate sentence of 5 to 15 years of imprisonment, imposed for criminal possession of a controlled substance in the fourth degree, was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur.