■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBIAS BOYLAND, Appellant. [914 NYS2d 805]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 1, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and one count of criminal possession of a weapon in the fourth degree (§ 265.01 [4]). Supreme Court properly refused to suppress weapons seized by the police from the walk-in closet on the

second floor of defendant's residence. The evidence at the suppression hearing established that the original search warrant identified the place to be searched as a "lower floor apartment" but that, during the execution of the initial search warrant, the officers discovered that the residence had been converted from a two-family to a single-family dwelling. When the police officers heard voices upstairs, they properly conducted a protective sweep of the second floor based upon "articulable facts that warranted a reasonably prudent officer's belief that the [second floor] might harbor an individual posing a danger to those on the scene" (*People v Eddo*, 55 AD3d 922, 923 [2008], *lv denied* 11 NY3d 897 [2008]; *see People v Rivera*, 172 AD2d 1059 [1991]). The protective sweep properly encompassed the walk-in closet, which was described at the suppression hearing as being large enough to conceal five or six individuals (*see People v Febus*, 157 AD2d 380, 385 [1990], *appeal dismissed* 77 NY2d 835 [1991]), and the rifle found in plain view therein was properly seized by the police (*see Eddo*, 55 AD3d at 923; *Rivera*, 172 AD2d at 1059). The remaining weapons were properly seized subsequent to the issuance of an amended warrant identifying the place to be searched as the entire residence (*see People v Aguirre*, 220 AD2d 438, 439-440 [1995]; *People v Martinez* [appeal No. 2], 187 AD2d 992, 993 [1992], *lv denied* 81 NY2d 889 [1993]).

Defendant failed to preserve for our review his contention that the jury instruction regarding constructive possession altered the theory of the prosecution (*see* CPL 470.05 [2]; *People v Said*, 174 AD2d 1010, 1011 [1991], *lv denied* 78 NY2d 1130 [1991]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish defendant's constructive possession of the weapons (*see People v Torres*, 68 NY2d 677, 679 [1986]; *People v Skyles*, 266 AD2d 321, 322 [1999], *lv denied* 94 NY2d 867 [1999]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.