# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

491

KA 12-02144

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMEL S. MONTGOMERY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered August 21, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [3]), based on his constructive possession of a firearm. Contrary to defendant's contention, we conclude that, upon weighing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The police found the weapon inside a gym bag in the bedroom of a house in which they were executing a search warrant. The gym bag was in a dresser drawer, and two documents with defendant's name and/or his date of birth and the address of the house that was searched were located either inside the gym bag or next to it. The address and date of birth on the documents matched the pedigree information that defendant provided to the police. In addition, two police witnesses testified that they observed a pair of large pants in the bedroom, and the evidence established that defendant is 5 feet 6 inches tall and weighed 270 pounds. Thus, the jury did not fail to give the evidence the weight that it should be accorded in finding that defendant was in constructive possession of the firearm (*see generally People v Boyland*, 79 AD3d 1658, 1659, *affd* 20 NY3d 879).

Defendant further contends that Supreme Court erred in permitting police witnesses to provide limited testimony regarding the reason for their presence at the premises, without identifying the information upon which the search warrant was based or its purpose, because the evidence was unduly prejudicial. We reject that contention (*see generally People v Alvino*, 71 NY2d 233, 241-242). We conclude that the testimony of the police witnesses that they were part of a unit that investigated narcotics and illegal gun offenses, and that a photograph of defendant had been provided at a briefing, was properly admitted because it was " 'needed as background material' . . . or to 'complete the narrative of the episode' " (*People v Till*, 87 NY2d 835, 837).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                Clerk of the Court