■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARBY, Also Known as ROBERT ISAACS, Appellant. [603 NYS2d 881] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered September 12, 1991, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence seized from his house should have been suppressed is meritless. We agree with the determination of the Supreme Court that the warrantless police entry into the house was justified under the emergency doctrine (see, People v Mitchell, 39 NY2d 173, 177-178, cert denied 426 US 953). The testimony at the hearing established that the police responded immediately to a radio transmission that shots had been fired at the subject residence. This information was corroborated by a boy who had witnessed the incident just a few moments earlier. At the subject residence, the police saw what appeared to be a fresh bullet hole on the side of the house, and a large truck in the driveway with a shattered windshield. The defendant opened the door upon the police officer's knock and let them into the house. Upon inquiry, the defendant denied having heard any gun shots. This denial heightened the officers' suspicions. The officers also observed the codefendant sitting in front of a television that had what appeared to be a fresh bullet hole in its screen. At their sergeant's direction, the officers then searched the house for anyone who might need medical assistance.

Based on the facts adduced at the hearing, it is clear that the police had reasonable grounds to believe that an emer-

gency situation existed at the subject location and that there was an immediate need for assistance. Thus, the primary motivation in entering the house was not to effect an arrest or to seize evidence, and the search for anyone who might need medical assistance was entirely justified. Under the circumstances, the recovery of the weapon, narcotics, and narcotics-related paraphernalia, which were in plain view in an enclosed porch off the living room, was a lawful result of the entry into the residence and was dictated by the exigencies of the situation. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.