OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The courts below did not err in determining that the police officers’ entrance into the hotel room was the result of a reasonably perceived emergency excusing the warrant requirement and that, consequently, their observation and seizure of the contraband in plain view was lawful
 
 (see, People v Mitchell,
 
 39 NY2d 173, 177-178,
 
 cert denied
 
 426 US 953). The nature and specificity of the police radio transmissions, their close temporal proximity, the reputation of the hotel as a locale for drug and prostitution activity, and the hostile reception by Sonya Cook, a woman in the room when the police officers knocked on the door, all support the finding of reasonableness of the perception that there was an emergency. Further, there is an undisturbed factual finding, supported by the record, that the search was not primarily motivated by an intent to arrest and seize evidence, which finding is binding on this
 

 
 *919
 
 Court
 
 (see, Mitchell, supra,
 
 at 178). Finally, there was a reasonable association between the emergency and the place to be searched that was not disputed by the parties and, indeed, the specificity of both police radio transmissions leaves no doubt as to this association.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.