■ In the Matter of PABLO C., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 854] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered November 5, 1993, which adjudicated respondent a juvenile delinquent upon a fact-finding that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the seventh degree, and placed him on probation for 12 months, unanimously affirmed, without costs.

The hearing court correctly denied respondent's motion to suppress the glass pipe with cocaine residue found in his possession on the ground that exigent circumstances justified the warrantless entry by the police into respondent's apartment (*see, People v Mitchell*, 39 NY2d 173, 177, *cert denied* 426 US 953). The evidence at the suppression hearing was that police officers, responding to a radio report of shots fired, were met by at least six witnesses at the indicated apartment building, who directed them to the sixth floor, where a neighbor told them that the shots came from respondent's apartment. Respondent eventually answered after numerous knocks on the door, but refused to open the door stating that his parents were not home. Meanwhile, two officers on the roof saw a man fleeing the apartment by way of a fire escape who, when apprehended, although found to be unarmed, refused to answer any questions. According to procedure, the police contacted the Emergency Services Unit to break down the door. After an hour, the Unit arrived and broke down the door, whereupon the police seized respondent and another youth, and discovered the glass

pipe sticking out of respondent's boot. Contrary to respondent's contention, police concerns that someone in the apartment might be injured or otherwise in danger were reasonable and did not abate during the two-hour period that the police were at the scene but unable to enter the apartment. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.