■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE GARRETT and SUSAN ANGUS, Appellants. [682 NYS2d 441] —Appeals by Diane Garrett and Susan Angus from two judgments of the Supreme Court, Kings County (Juviler, J.), both rendered July 25, 1997 (one judgment as to each defendant), convicting them of possession of an ammunition-feeding device in violation of the Administrative Code of the City of New York § 10-306 (b), upon their pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendants' omnibus motion which was to suppress physical evidence.

Ordered that the judgments are reversed, on the law, that branch of the defendants' omnibus motion which was to suppress physical evidence is granted, and the indictment is dismissed insofar as asserted against the appellants.

On the evening of November 10, 1996, the Kings County Society for the Prevention of Cruelty to Children (hereinafter SPCC) received an anonymous complaint that there were two children screaming in apartment 2 at 1107 Carroll Street in Brooklyn. The next evening, several SPCC agents went to the building, knocked on the door of apartment 2A, which was the first door on the second floor, and asked if they could check on the welfare of the children. The woman who opened the door denying that there were any children present and, protesting that "this was not Nazi Germany", refused to let the SPCC agents enter the apartment. After they interviewed some neighbors, who said they had seen two children enter the apartment on prior occasions, the SPCC agents summoned the police.

When the woman refused to let the police enter the apartment without a warrant, they called the Emergency Services Unit (hereinafter ESU), who threatened to use force if she did not open the door. During the ensuing search, an ESU officer discovered 12 handguns, 23 rifles, and various forms of ammunition hidden behind a false wall in a coat closet. The defendants, who were arrested and charged with 38 counts of weapons possession, moved to suppress the physical evidence. At the suppression hearing, none of the SPCC agents or police officers testified that they, or any of the neighbors they interviewed, heard any children screaming on the night in question.

Contrary to the conclusion reached by the hearing court, we

find that the warrantless search of the defendants' apartment was not justified by the emergency exception to the warrant requirement. In *People v Mitchell* (39 NY2d 173, 177-178, *cert denied* 426 US 953), the Court of Appeals set forth the following three-prong test for the application of the emergency doctrine:

"(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

"(2) The search must not be primarily motivated by intent to arrest and seize evidence.

"(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched."

In the present case, the prosecution failed to satisfy the first prong of the *Mitchell* test. The record reveals that the police entry and ensuing search were triggered by ambiguous and uncorroborated information relayed by the members of a volunteer organization, who were responding to a day-old anonymous complaint. Moreover, the warrantless nighttime search of the defendants' apartment was conducted after a minimal police investigation which failed to establish that any children were in imminent danger. In the absence of an emergency situation justifying the search, the motion to suppress the weapons and ammunition should have been granted. Bracken, J. P., Ritter, Copertino and Florio, JJ., concur.