■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX LONGBOAT, Appellant. [718 NYS2d 761] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the second degree (Penal Law § 140.25 [2]) and other crimes and was sentenced as a second violent felony offender to a determinate term of imprisonment of 10 years. County Court properly denied defendant's motion to suppress tangible evidence on Fourth Amendment grounds. Based on the officer's uncontroverted testimony at the suppression hearing, the court properly determined that the entry into defendant's apartment was justified by exigent circumstances, i.e., the perception that an injured person might be in the apartment (*see, People v Hodge,* 44 NY2d 553, 557; *Matter of Pablo C.,* 220 AD2d 235, 235-236; *People v DePaula,* 179 AD2d 424, 426-427). The officer had reasonable grounds to believe that an emergency was at hand and a reasonable basis for associating that emergency with the area searched (*see, People v Love,* 84 NY2d 917, 918-919; *People v Mitchell,* 39 NY2d 173, 177-179, *cert denied* 426 US 953). Moreover, the officer entered the apartment for the specific purpose of assisting a potentially injured person, not to look for evidence of a crime (*see, People v Love, supra,* at 918-919; *People v Mitchell, supra,* at 178-179). The sentence is not unduly harsh or severe. We have examined the contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.