■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE CRAWFORD, Appellant. [747 NYS2d 618] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered October 12, 1999, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) in connection with the seizure of crack cocaine and other items of contraband from his apartment. Defendant contends that Supreme Court erred in denying his motion to suppress the evidence seized from his apartment. We disagree. The People established at the suppression hearing that when no one responded to their knocking, firefighters forcibly entered defendant's apartment to determine whether a fire in the apartment below had spread to defendant's apartment. A police officer proceeded to defendant's apartment after being advised that firefighters had forcibly entered the apartment. The officer observed from the doorway of the apartment that the firefighters were ventilating smoke from defendant's apartment. Upon entering the apartment to determine whether there was any property damage from the fire, she observed, inter alia, what appeared to be crack cocaine in plastic bags on a pantry shelf. The officer had observed the items on the pantry shelf from the doorway, but she had been unable to identify those items until she was inside the apartment. The police seized the items on the pantry shelf and, after obtaining a search warrant, seized other contraband as well. Contrary to defendant's contention, the seizure of the items on the pantry shelf, which were in plain view, was proper. The court properly determined that the police lawfully entered defendant's apartment pursuant to the emergency exception to the warrant requirement (*see generally People v Molnar,* 98 NY2d 328; *People v Mitchell,* 39 NY2d 173, 177-178, *cert denied* 426 US 953).

Defendant's reliance on *People v Guins* (165 AD2d 549, *lv denied* 78 NY2d 1076) is misplaced. Here, the firefighters had observed the items on the pantry shelf shortly before the police officer arrived, but, unlike in *Guins,* did not inform the police that those items were present in the apartment. Thus, the People established that the police officer did not enter the apartment to effect a seizure of the items observed in plain view on the shelf (*cf. id.* at 552-553; *see generally People v Brown,* 96 NY2d 80, 89) but, rather, entered the apartment based upon her reasonable belief that the fire in the apartment below might have caused property damage (*see People v Longboat,* 278 AD2d 836, *lv denied* 96 NY2d 802; *cf. Guins,* 165 AD2d at 552-553).

Contrary to the contention of defendant, we conclude that he

received meaningful representation from both attorneys who represented him (*see generally People v Benevento,* 91 NY2d 708, 711-713). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.