FOURTH DEPARTMENT, DECEMBER, 2006

(December 22, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRAVEL, Appellant. [825 NYS2d 624]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 23, 2003. The judgment convicted defendant, upon a jury verdict, of forgery in the second degree (10 counts), criminal possession of a forged instrument in the second degree (two counts), criminal possession of a forged instrument in the third degree (two counts), criminal impersonation in the second degree (three counts) and grand larceny in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, those parts of the motions seeking to suppress physical evidence are granted, the indictment is dismissed and the matter is remitted

to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of 10 counts of forgery in the second degree (Penal Law § 170.10 [1]), three counts of criminal impersonation in the second degree (§ 190.25 [1]), and two counts each of criminal possession of a forged instrument in the second degree (§ 170.25), criminal possession of a forged instrument in the third degree (§ 170.20) and grand larceny in the third degree (§ 155.35). The sole contention of defendant on appeal is that Supreme Court erred in refusing to suppress the physical evidence seized from the back of his pickup truck as the result of a warrantless search. We agree with defendant that the court erred in determining that the People established that the police had reasonable grounds to believe that there was an emergency, thus relieving them of their obligation to obtain a search warrant.

The record of the suppression hearing establishes that the police responded to a 911 call received at approximately 3:55 A.M., reporting that a car alarm was sounding and that men were arguing next to a truck in a parking lot at a specified location. The police arrived at the parking lot within one minute of receiving the 911 call, but they did not hear a car alarm or see anyone in the vicinity of the subject vehicle. The two police officers who searched the vehicles in the area did not testify that there appeared to be any sign of a crime against person or property. One officer testified, however, that he observed a laptop computer in the back of a pickup truck. The computer was in a closed position but the power was on, and the computer was warm. Both officers testified that they observed a spiral notebook, a utility bill and a cloth case in the back of the pickup truck. One officer removed the items from the back of the pickup truck and transported them to the police station. Upon searching the interior sections of the cloth case, the police found several forged identification cards containing a photograph, and one of the officers recognized defendant as the individual depicted in the photograph. Defendant thereafter was arrested.

The People do not contend on appeal that the police had probable cause for the warrantless search of the pickup truck. Rather, they contend that the suppression court properly determined that the warrantless search was permissible because the police were responding to what they reasonably believed to be an emergency situation. The record belies that contention. Pursuant to the emergency doctrine, the police are not required to obtain a search warrant provided that they have, inter alia,

"reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property" (*People v Mitchell*, 39 NY2d 173, 177 [1976], *cert denied* 426 US 953 [1976]). The burden is on the People to justify the warrantless search (*see id.* at 180). Here, there is no indication in the record that the police officers who responded to the 911 call perceived the requisite threat to life or property. Because the People failed to meet their burden of justifying the warrantless search based on their contention that there was "an emergency at hand" (*id.* at 177), the court erred in refusing to suppress the physical evidence seized during the warrantless search of the pickup truck. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.