■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DILLON, Appellant. [844 NYS2d 402]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered January 2, 2007, convicting him of criminal possession of marijuana in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

On the evening of June 15, 2005 volunteer firefighters from the North Babylon Fire Department responded to a 911 call and discovered a strong fuel odor emanating from a locked factory being leased by the defendant. The fire chief (hereinafter the chief) at the scene called his dispatcher to have a building representative appear and although the chief testified he could have forcibly entered the premises, he decided to wait for a keyholder in order to avoid unnecessary damage to the building. Once the defendant arrived, he unlocked the door, entered the building, and quickly shut the door. When the chief opened the unlocked door and entered the vestibule of the building, the defendant told him to get out. The chief then instructed the defendant to leave because he believed there was a hazardous material spill in the building, to which the defendant replied that he had spilled some diesel fuel and would clean it up himself. The chief continued to enter believing that the defendant wanted to prevent him from seeing how much fuel had spilled, but the defendant physically barred the way and a physical confrontation ensued. The chief requested that the police officers already at the scene remove the defendant and then ordered his firefighters to search the building to find the source and quantity of the leak. One team of firefighters discovered an electrical generator and a small spill of diesel fuel while another team entered a locked room and discovered a hydroponics grow room containing marijuana. Based on the firefighters' observations, the police obtained a search warrant, searched the factory, and seized the marijuana. After a suppression hearing, the County Court ruled that the entry and search by the firefighters was proper under the emergency exception to the warrant requirement, applying the three-part test required by *People v Mitchell* (39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]).

We find that the firefighters were presented with an emergency which permitted their warrantless entry and search under both the *Mitchell* test and the rule adopted by the United States Supreme Court in *Brigham City v Stuart* (547 US 398, —, 126 S Ct 1943, 1946 [2006]), and thus we do not reach the issue of whether the New York State Constitution requires retention of the "subjective motivation" prong of the *Mitchell* test (*see People v Desmarat*, 38 AD3d 913, 915 [2007]; *cf. People v Dallas*, 8 NY3d 890, 891 [2007]). Under all of the circumstances of this case, the objective facts observed by the firefighters provided them with reasonable grounds to believe that a hazardous materials emergency was at hand and that they had a reasonable basis, approaching proximate cause, to associate the emergency with the area that was searched (*see Brigham City v Stuart*, 547 US 398, —, 126 S Ct 1943, 1946 [2006]; *People v Molnar*, 98 NY2d 328 [2002]; *People v Desmarat*, 38 AD3d at 915). Moreover, the People established that the firefighters' entry and search were motivated by the need to protect life and property rather than for the purpose of making an arrest or seizing evidence (*see People v Mitchell*, 39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]). Lastly, we find the scope of the search was sufficiently limited by, and reasonably related to, the exigencies of the situation (*see People v Rielly*, 190 AD2d 695 [1993]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.