■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON D. LIGGINS, Appellant. [883 NYS2d 415]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 27, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is reversed on the law, that part of the motion seeking to suppress tangible property is granted, the indictment is dismissed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). We agree with defendant that County Court erred in refusing to suppress evidence seized by the police as the result of a warrantless entry into his apartment.

"[O]ur Constitutions accord special protection to a person's expectation of privacy in his [or her] own home" (*People v Knapp*, 52 NY2d 689, 694 [1981]; US Const 4th, 14th Amends; NY Const, art I, § 12). The warrantless intrusion into defendant's apartment was presumptively unreasonable and unconstitutional unless it was justified by one of the " 'carefully delineated' exceptions to the Fourth Amendment's Warrant Clause" (*People v Molnar*, 98 NY2d 328, 331 [2002]; *see generally People v Mitchell*, 39 NY2d 173, 177 [1976], *cert denied* 426 US 953 [1976]), and no exception applies here. We note in particular that, when the police officers entered defendant's apartment, they were not in "hot pursuit" of a suspect fleeing the scene of a crime (*cf. People v Maryon*, 20 AD3d 911 [2005], *lv denied* 5 NY3d 854 [2005]), nor were there "exigent circumstances where 'delay in the course of an investigation . . . would gravely endanger [the lives of police officers or of others]' " (*People v Henderson*, 107 AD2d 469, 471 [1985], quoting *Warden, Md. Penitentiary v Hayden*, 387 US 294, 298-299 [1967]). Further, the court properly rejected the People's attempt to justify the warrantless entry based upon the codefendant's alleged consent to enter the apartment.

We conclude that the court erred in determining that the warrantless entry into defendant's apartment was justified by

the emergency exception to the warrant requirement. That "exception must be narrowly construed because it is susceptible of abuse" (*People v Guins*, 165 AD2d 549, 552 [1991], *lv denied* 78 NY2d 1076 [1991]), and the People bear the burden of demonstrating its applicability (*see People v Hodge*, 44 NY2d 553, 557 [1978]). The People did not meet their burden of satisfying the first and third elements of the emergency exception (*see generally People v Dallas*, 8 NY3d 890, 891 [2007]). With respect to the first element, the evidence at the suppression hearing does not establish that the police had "reasonable grounds to believe that there [was] an emergency at hand and an immediate need for their assistance for the protection of life or property" (*Mitchell*, 39 NY2d at 177). The People presented evidence that police officers responded to a report of "shots fired" at the address of defendant's apartment building, but they failed to present any evidence concerning the source of the report, the timing of the report in relation to the incident, the identity or description of the perpetrator, or the existence of a possible victim (*see People v Garrett*, 256 AD2d 588, 589 [1998], *lv denied* 93 NY2d 924 [1999]; *see also People v Lawrence*, 145 AD2d 375, 376-378 [1988]).

Further, and more significantly, the People failed to satisfy the third element of the emergency exception, i.e., that "[t]here [was] some reasonable basis, *approximating probable cause*, to associate the emergency with the area or place to be searched" (*Mitchell*, 39 NY2d at 177-178 [emphasis added]). When the officers arrived at the address in the report, they observed shell casings approximately 15 feet from the apartment building. A woman who identified herself as a resident of the building advised the officers that there had been an argument in the apartment occupied by defendant and his codefendant, moments prior to the shooting. She did not provide any details concerning the number of voices, the identity of the persons involved or the subject of the argument. Based solely upon that information, the officers proceeded to defendant's apartment, knocked on the door for three to five minutes, and entered the apartment after the codefendant opened the door and truthfully informed them that she was there alone. Apart from the resident's vague, undetailed report of an argument, there was no basis for the officer who testified at the suppression hearing to believe that "the trouble started in" defendant's apartment. The reported argument *does not establish a* "direct relationship" between defendant's apartment and the purported emergency (*id*. at 179). To the contrary, it is undisputed that the shell casings were found outside the building, that defendant's apartment is on the third floor, and that no individual was observed entering

the apartment after the shots were fired (*cf. People v Love*, 84 NY2d 917, 918-919 [1994]; *People v Stevens*, 57 AD3d 1515 [2008]; *People v Parker*, 299 AD2d 859 [2002]; *Matter of Pablo C.*, 220 AD2d 235 [1995]; *People v DePaula*, 179 AD2d 424, 426 [1992]). Because the warrantless intrusion into defendant's apartment was not justified under the emergency exception to the warrant requirement (*see generally Mitchell*, 39 NY2d at 177), the evidence seized as the result of that intrusion, including the evidence seized pursuant to the search warrant that was subsequently issued, should have been suppressed (*see Guins*, 165 AD2d at 553). We therefore reverse the judgment, grant that part of the omnibus motion of defendant seeking to suppress tangible property seized from his apartment, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.

All concur except Peradotto and Carni, JJ., who dissent and vote to affirm in the following memorandum.

Peradotto and Carni, JJ. (dissenting). We respectfully dissent because we cannot agree with the majority's conclusion that County Court erred in determining that the warrantless entry into defendant's apartment was justified by the emergency exception to the warrant requirement. Considering the benefit of hindsight and our detachment from the tension and drama of responding to a "shots fired" call for police assistance, we conclude that the People established that the police officers had reasonable grounds to believe that an emergency situation existed (*see generally People v Love*, 204 AD2d 97, 98 [1994], *affd* 84 NY2d 917 [1994]; *People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]). Viewing in totality "[t]he nature and specificity of the call, the speed with which the officers responded (thereby increasing the chances that the danger still existed)," the shell casings that were located 15 feet in front of the building and the report by an identified civilian at the scene, who resided in the apartment next to that of defendant and stated that she overheard an argument in defendant's apartment "moments prior" to the shots, we conclude that the court properly determined that the warrantless entry into defendant's apartment was justified under the emergency exception to the warrant requirement (*People v DePaula*, 179 AD2d 424, 426 [1992]). "In recognizing the danger of delayed response, the law does not require adherence to a standard which 'made stricter by hindsight' would preclude the police from 'all courses of conduct but the least intrusive' " (*id.*, quoting *People v Calhoun*, 49 NY2d 398, 403 [1980]). We further note that neither the US nor the NY Constitution requires the

"obvious signs which connect the place to be searched with the emergency," signs that the majority concludes are lacking in this case (*People v Mitchell*, 39 NY2d at 179). Although the majority concludes that the People failed to present any evidence concerning the identity of the perpetrator or the existence of a possible victim, such information is not required to justify the applicability of the emergency exception to the warrant requirement (*see generally People v Carby*, 198 AD2d 366 [1993], *lv denied* 82 NY2d 922 [1994]). Similarly, unlike the majority, we cannot fault the police for entering the apartment in the absence of a "hot pursuit" as the exigent circumstance doctrine relied upon by the People does not require a "hot pursuit" (*see People v Henderson*, 107 AD2d 469, 471 [1985]). In our view, "it is difficult to conceive of what other action, consistent with their belief that someone inside [defendant's apartment] might be injured or threatened, could have been taken [by the officers] to provide immediate assistance" (*DePaula*, 179 AD2d at 426). We therefore would affirm the judgment. Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.