[945 NE2d 445, 920 NYS2d 252]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON D. LIGGINS, Respondent.

Argued January 13, 2011; decided February 10, 2011

**APPEARANCES OF COUNSEL**

*Scott D. McNamara, District Attorney*, Utica (*Steven G. Cox* of counsel), for appellant.

*Bond, Schoeneck & King, PLLC*, Syracuse (*Robert H. Kirchner* and *Stephanie M. Campbell* of counsel), for respondent.

## OPINION OF THE COURT

Appeal dismissed upon the ground that the reversal by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]).

Concur: Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES. Judge PIGOTT dissents and votes to reverse in an opinion.

PIGOTT, J. (dissenting). My colleagues have determined that this appeal should be dismissed on the ground that the reversal by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal" (CPL 450.90 [2] [a]). I respectfully disagree and therefore dissent from that decision. And, since we were briefed by the parties and heard oral argument on this case, I would reverse the order of the Appellate Division and reinstate the order of County Court, Oneida County.

The Appellate Division's reversal, although stated to be on the law, involved the applicability of the emergency doctrine, generally a mixed question of law and fact (*see People v Dallas*, 8 NY3d 890 [2007]). An examination of the court's opinion, however, confirms that the factual determinations alone would not have led to reversal. Rather, it was the court's conclusion, as a legal matter, that the rule of *People v Mitchell* (39 NY2d 173 [1976]) prohibited the application of the emergency doctrine, that led the Appellate Division to conclude that the case must be reversed. Thus, the order was made "upon the law and such facts which, but for the determination of law, would not have led to reversal."

Turning to the merits, a brief recitation of the facts is in order.

On the night of July 15, 2006, police responded to a report of "shots fired" at 822 Oswego Street in the City of Utica. Upon arriving at the scene, the officers observed a number of shell casings on the ground in front of the apartment building. A resident of the building told one of the officers that she heard an argument in Apartment 9 just prior to the shots being fired. The officers proceeded to Apartment 9, knocked on the door and waited several minutes until a "nervous and distraught" Laura Jones, who was talking on a cell phone, opened the door. The officers then went inside the apartment to look for the shooter or an injured victim. While doing so, an officer observed cocaine in plain view on a kitchen table. The apartment was then secured until another officer returned with a search warrant. A search of the apartment resulted in the seizure of quantities of cocaine in the kitchen and bedroom. No victim or perpetrator was found.

The suppression court sustained the warrantless search but the Appellate Division reversed, basing their decision on an interpretation of our decision in *People v Mitchell* (39 NY2d 173 [1976]), and finding that of the three elements necessary to establish the emergency exception for warrantless entry into someone's home, the People failed to meet two of them.

First, the Appellate Division reached the conclusion that the suppression court erred in finding that exigent circumstances served as an appropriate exception to the warrantless entry rule to permit the officer to conduct the minimally intrusive entry into the apartment. It based its determination on the fact that while the officer received a call of "shots fired," "[t]he People . . . failed to present any evidence concerning the source of the

report, the timing of the report [vis-à-vis] the incident, the identity or description of the perpetrator, or the existence of a possible victim" (64 AD3d 1213, 1215 [2010]). However, none of those factors, in my view, erodes the undeniable fact that there were shots fired in a residential neighborhood late at night and that it was the duty of the police to respond to such a call. The fact that, at the time, the police were unaware of the perpetrator(s) or victim(s) is the norm, not the rule in incidents such as this. Rather, the facts that were known to the police, in my view, clearly establish reasonable grounds to believe that there was an emergency at hand and an immediate need for their assistance for the protection of life or property (*see Mitchell*, 39 NY2d at 177).

The Appellate Division also ruled, as a matter of law, that the People failed to satisfy the third element of the emergency exception, i.e., that there was a reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched. Here again, the undisputed facts are that the officers, confronted with shell casings just outside the apartment building, relied upon the information supplied by a tenant that there had been an argument in Apartment 9 moments prior to the shooting. The Appellate Division rejected the People's contention that the officer had a reasonable basis, approximating probable cause, based on these facts because "[a]part from the resident's vague, undetailed report of an argument" there was no basis for the officer to believe that the "trouble started in" defendant's apartment (64 AD3d at 1215). In its view, the reported argument does not establish a "direct relationship" (*Mitchell*, 39 NY2d at 179) between the defendant's apartment and the purported emergency. The court therefore concluded that "the warrantless intrusion into defendant's apartment was not justified under the emergency exception to the warrant requirement" (64 AD3d at 1216). As a result, all evidence gained from the apartment was ordered suppressed. In my view this was error.

As the dissent at the Appellate Division pointed out: "In recognizing the danger of delayed response, the law does not require adherence to a standard which made stricter by hindsight would preclude the police from all courses of conduct but the least intrusive" (64 AD3d at 1216 [internal quotation marks omitted], quoting *People v DePaula*, 179 AD2d 424, 426 [1st Dept 1992] and *People v Calhoun*, 49 NY2d 398, 403 [1980]). As noted in *People v DePaula* (179 AD2d 424, 426 [1992]): "[I]t

is difficult to conceive of what other action, consistent with their belief that someone inside [defendant's apartment] might be injured or threatened, could have been taken [by the officer] to provide immediate assistance."

For these reasons, I believe this case is appealable to this Court and upon appeal the order of the Appellate Division should be reversed.

Appeal dismissed, etc.