■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNISON STANISLAUS-BLACHE, Appellant. [940 NYS2d 136]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), rendered May 25, 2011, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In the early morning hours of May 4, 2010, the police in Yonkers received a call that shots had been fired in the vicinity of Van Cortlandt Park Avenue and Rollins Street. When they arrived there, they were informed by a witness that she believed that the shots had come from the basement under her first-floor apartment. Eventually, officers from the Emergency Services Unit (hereinafter ESU) forced open the door to the basement and three men emerged, one of whom was the defendant, but none was armed. The ESU officers went into the basement, which was being used for storage, to make sure that no one else was there and that no one had been harmed. They saw bags of marijuana near the entrance to the basement. When the ESU officers left the basement, a patrol officer was assigned to go in and "secure" it. That officer saw a pistol partially covered by a pile of nails. A detective later saw a spent shell in a garbage pail and found several live rounds in the pocket of a jacket. The defendant, who lived, or at least sometimes stayed, in a second-floor apartment with his girlfriend, later admitted that the gun was his and that he had fired it that night. He was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]), and reckless endangerment in the first degree (Penal Law § 120.25). After a suppression hearing, the Supreme Court suppressed the live rounds found in the jacket pocket, but otherwise denied those branches of the defendant's omnibus motion which were to suppress the physical evidence and his statements to law enforcement officials.

Under the "emergency doctrine" (see People v Mitchell, 39 NY2d 173 [1976], cert denied 426 US 953 [1976]), the police may make a warrantless intrusion into a protected area if three prerequisites are met:

"(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

"(2) The search must not be primarily motivated by intent to arrest and seize evidence.

"(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (*id.* at 177-178).

In *Brigham City v Stuart* (547 US 398, 403 [2006]), however, the United States Supreme Court held that subjective intent of the police is not relevant to determining the reasonableness of police conduct under the Fourth Amendment to the United States Constitution. Consequently, the second prong of *Mitchell* is now relevant, if at all, only to claims raised under the New York State Constitution (*see* NY Const, art I, § 12; *People v Rodriguez*, 77 AD3d 280, 284 [2010]). We need not determine in this case whether the second prong of *Mitchell* is still viable under the New York State Constitution (*see People v Rodriguez*, 77 AD3d at 284; *cf. People v Robinson*, 97 NY2d 341 [2001]), because we conclude that the police entry into the basement was permissible under both *Brigham City* and *Mitchell* (*see People v Rodriguez*, 77 AD3d at 284). The information that the police had obtained was sufficient to establish the existence of an emergency situation in the basement (*see People v Desmarat*, 38 AD3d 913, 915 [2007]). The police entry after the three men were removed from the basement was permissible to determine whether anyone was still in the basement and a danger still existed. Moreover, the patrol officer's entry after the ESU officers departed was permissible, as it did not exceed the scope and duration of the emergency situation and was not primarily intended as a search for evidence (*id.* at 915; *People v George*, 7 AD3d 810, 811 [2004]; *cf. People v Cohen*, 87 AD2d 77, 82-83 [1982], *affd* 58 NY2d 844 [1983], *cert denied* 461 US 930 [1983]). Inasmuch as the police conduct was at all times proper, the Supreme Court properly denied the defendant's motion to suppress the gun and spent shell (*see People v Desmarat*, 38 AD3d at 915) and the defendant's statements (*see Wong Sun v United States*, 371 US 471 [1963]). Balkin, J.P., Belen, Hall and Miller, JJ., concur.