■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MORMON, Respondent. [954 NYS2d 152]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grosso, J.), dated April 27, 2011, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed insofar as appealed from.

At a suppression hearing, a detective testified that on the morning of November 27, 2010, he responded to investigate the report of a shooting. Upon arrival, the detective spoke with the defendant's downstairs neighbor outside the building where the defendant lived, and the neighbor indicated that at approximately 8:00 a.m., she had heard a "loud bang" come from the defendant's upstairs residence, which sounded like someone had "dropped a broom." However, when she later went outside and saw the police and an ambulance, she concluded that the sound had been a gunshot. She indicated that the defendant lived with his girlfriend and their children. While still outside the defendant's building, the detective then spoke with the defendant, who indicated that he had been shot on the street about one block from his home. Thereafter, the detective spoke with the defendant's girlfriend, who said that she did not want to get involved. The detective did not recall her answer to his question regarding the whereabouts of the children. After performing a cursory search of the area outside of the defendant's building, the detective and other police officers entered the defendant's residence. Following a search of the home, the police recovered certain physical evidence. The Supreme Court granted that

branch of the defendant's omnibus motion which was to suppress that physical evidence, and the People appeal.

The People contend that the warrantless entry by the police into the defendant's residence and the ensuing search were justified under the emergency exception to the warrant requirement because the police had been told that children were residing in the subject apartment. We disagree. The emergency exception "sanctions warrantless searches and seizures in circumstances presenting immediate danger to life or property" (*People v Calhoun*, 49 NY2d 398, 403 [1980]; *see People v Mitchell*, 39 NY2d 173 [1976], *cert denied* 426 US 953 [1976]; *People v Guins*, 165 AD2d 549, 552 [1991]). "This exception must be narrowly construed because it is susceptible of abuse and may be used to validate an otherwise unlawful arrest or seizure" (*People v Guins*, 165 AD2d at 552). The People have the burden of justifying the warrantless search (*see People v Hodge*, 44 NY2d 553, 557 [1978]; *People v Liggins*, 64 AD3d 1213, 1215 [2009]; *People v Fravel*, 35 AD3d 1148, 1150 [2006]).

Here, the warrantless entry and ensuing search, which occurred at least 45 minutes after the police arrived on the scene and almost two hours after the time of the alleged shooting, were conducted after a minimal police investigation which failed to establish that any children were in imminent danger (*see People v Garrett*, 256 AD2d 588, 589 [1998]). Under these circumstances, the People failed to meet their burden of justifying the warrantless search and seizure under the emergency exception to the warrant requirement (*see People v Liggins*, 64 AD3d 1213 [2009]; *People v Fravel*, 35 AD3d at 1150; *People v Garrett*, 256 AD2d at 589). Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress physical evidence. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.