Appeal by the People from so much of an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated June 23, 2011, as, after a hearing, granted that branch of the defendant’s omnibus motion which was to suppress physical evidence.
*925 Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant’s omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.
The evidence adduced at the suppression hearing established that the police saw and heard gunfire on the roof an apartment building, heard gunfire in the stairwell of that building, and observed the defendant, holding a gun, run into the subject apartment with a second man. These facts support a determination that exigent circumstances existed which justified the entry of the police into the subject apartment and arresting the defendant there (see People v McBride, 14 NY3d 440, 445 [2010], cert denied 562 US —, 131 S Ct 327 [2010]; People v Rodriguez, 77 AD3d 280, 287 [2010]; People v Miles, 210 AD2d 353 [1994]). Furthermore, these circumstances justified a warrantless search for the gun. The police knew that the gun was inside the apartment, which had occupants other than the defendant (see People v Parker, 299 AD2d 859 [2002]; People v Sanchez, 255 AD2d 614 [1998]; People v Johnson, 181 AD2d 103 [1992], affd 81 NY2d 980 [1993]; People v Gordon, 110 AD2d 778 [1985]; cf. People v Knapp, 52 NY2d 689 [1981]). The scope of the search was sufficiently limited by, and reasonably related to, the exigencies of the situation (see People v Dillon, 44 AD3d 1068, 1070 [2007]).
Accordingly, the Supreme Court should have denied that branch of the defendant’s omnibus motion which was to suppress physical evidence. Angiolillo, J.E, Balkin, Lott and Roman, JJ., concur.