■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MALIK HAMMETT and JAVA STEWART, Respondents. [6 NYS3d 107]—

Appeal by the People from an order of the Supreme Court, Queens County (Lebowitz, J.), dated May 21, 2012, which, after a hearing, granted those branches of the defendants' separate omnibus motions which were to suppress physical evidence.

Ordered that the order is affirmed.

On August 3, 2011, at approximately 6:45 p.m., New York City Police Officer Patrick Nozdrovicky and his partner were

on anti-crime patrol when they observed the defendant Malik Hammett lean into the front passenger side of a green sedan parked in front of a house located at 109-78 200th Street, in Hollis, Queens, and engage in what appeared to be a drug transaction with the defendant Java Stewart. The officers approached the vehicle, ordered Stewart to exit it, and then arrested both defendants for having an open container of alcohol. Meanwhile, a third individual, who was crouching behind a vehicle parked in the driveway, stood up quickly and tried to enter the house at that location through the side door. The officers apprehended this third individual at the door and recovered a pound of marijuana from a backpack he had left behind in the driveway. Moments later, the owner of the house came outside and told the officers that the defendants were her upstairs tenants but that they had overstayed their lease. She told the officers that she had heard banging and a woman's voice coming from their apartment, and asked the officers to investigate since she did not believe a woman should be in their apartment. The owner did not express concern for the woman's safety, nor did she say that she heard the woman crying or screaming. The owner allowed the officers to enter her home, but would not accompany them upstairs because she did not know what they would find. Upon opening the door to the upstairs apartment, the officers discovered a woman, whom they arrested. They also saw drugs and drug paraphernalia. Based on their observations, the officers obtained and then executed a search warrant at the apartment. They recovered additional evidence, including a firearm and narcotics.

The defendants were indicted for criminal possession of a weapon in the second degree and several drug-possession related counts. The defendants thereafter moved, inter alia, to suppress the physical evidence obtained against them. After a *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]), those branches of the defendants' separate omnibus motions which were to suppress physical evidence were granted. The People appeal.

Under the emergency exception to the warrant requirement, the police may make a warrantless entry into a protected area if (1) they have reasonable grounds to believe that there was an emergency at hand and an immediate need for their assistance for the protection of life or property; (2) the search was not primarily motivated by an intent to arrest and seize evidence; and (3) there was some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched (*see People v Mitchell*, 39 NY2d 173, 177

[1976]; *People v Rodriguez*, 77 AD3d 280, 283 [2010]; *People v Desmarat*, 38 AD3d 913, 914-915 [2007]). The United States Supreme Court has determined that the second prong, regarding the subjective intent of the police, is no longer relevant under the Fourth Amendment (*see Brigham City v Stuart*, 547 US 398, 404-405 [2006]). However, we need not decide whether the second prong of *Mitchell* is still viable under the New York Constitution because we conclude that the People did not satisfy the first prong of *Mitchell* (*see People v Doll*, 21 NY3d 665, 671 n [2013]; *People v Dallas*, 8 NY3d 890, 891 [2007]; *People v Rodriguez*, 77 AD3d at 284). The mere sound of unspecified banging and a woman's voice coming from the upstairs apartment was insufficient to show that there was an emergency at hand requiring the immediate assistance of the police in order to protect life or property (*see People v Mormon*, 100 AD3d 782, 783 [2012]). The owner did not say that she heard the woman screaming or crying for help, and the officers did not observe any indicia of an emergency (*see People v Hodge*, 44 NY2d 553, 556 [1978]; *People v Rodriguez*, 77 AD3d at 286; *People v Desmarat*, 38 AD3d at 914).

The People's remaining contention is unpreserved for appellate review and, in any event, without merit.

Accordingly, the Supreme Court properly granted those branches of the defendants' respective omnibus motions which were to suppress physical evidence. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.