People v Hidalgo-Hernandez (2021 NY Slip Op 07404)





People v Hidalgo-hernandez


2021 NY Slip Op 07404


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


982 KA 21-00653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN HIDALGO-HERNANDEZ, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 14, 2020. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence seized from the residence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We agree with defendant that County Court erred in refusing to suppress evidence seized by the police as the result of a warrantless search of his residence.
Police officers initially responded to the subject residence following a 911 call made by a woman who stated that she had found her roommate unconscious on the floor of their residence. An initial group of police officers and medical personnel arrived at the residence, spoke to the 911 caller, discovered the unconscious woman in the bathroom, and determined that she had died.
Thereafter, an officer trained as an evidence technician arrived on the scene and was informed by those already present that the unconscious woman had been pronounced dead. The evidence technician then observed the woman's body in the bathroom and proceeded to conduct what she called a "cursory search" of the rest of the residence, taking photographs as she went. During that search, the evidence technician discovered a digital scale with powdery residue on it inside of a bedroom, and discovered a bag containing what she believed to be illegal drugs behind a door in another bedroom. Based on those discoveries, officers obtained a warrant to search the residence, which resulted in the discovery of the drugs and handgun underlying the counts for which defendant was ultimately indicted.
" '[S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's [residence] is per se unreasonable and hence unconstitutional' " (People v Jenkins, 24 NY3d 62, 64 [2014]), and no exception applies here. The court held that the initial search of the residence by the evidence technician was justified under the emergency exception to the warrant requirement, which permits a warrantless search in the presence of three elements: " '(1) the police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property and this belief must be grounded in empirical facts; (2) the search must not be primarily motivated by an intent to arrest [*2]and seize evidence; and (3) there must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched' " (People v Turner, 175 AD3d 1783, 1783 [4th Dept 2019], lv denied 34 NY3d 1082 [2019], quoting People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US 1022 [2014]). We conclude, however, that the first and third elements of the emergency exception were not present at the time the evidence technician conducted her search (see generally People v Liggins, 64 AD3d 1213, 1215 [4th Dept 2009], appeal dismissed 16 NY3d 748 [2011]).
With respect to the first element, at the time the evidence technician performed her initial room-to-room search, she was already aware that the unresponsive woman had been pronounced dead. The court concluded that there was still a need for officers to secure the scene and ensure that the woman "had not been harmed by anyone who could have still be[en] residing in the house." Prior to engaging in her initial search, however, the evidence technician had observed the body in the bathroom, and her suppression hearing testimony did not include any observation suggesting that a crime had occurred, much less that an assailant was still in the home or that there was an ongoing risk of harm (cf. People v Taylor, 24 AD3d 1269, 1269-1270 [4th Dept 2005], lv denied 6 NY3d 818 [2006]; People v Bradley, 17 AD3d 1050, 1051 [4th Dept 2005], lv denied 5 NY3d 786 [2005]). Further, nothing in the 911 call or in the testimony of the officers who initially arrived at the residence suggested that the woman had been the victim of an attack (cf. People v Samuel, 152 AD3d 1202, 1204 [4th Dept 2017], lv denied 30 NY3d 983 [2017]). Based on the circumstances of this case, at the time the evidence technician began her initial search, there was no " 'emergency at hand,' " nor were there any " 'reasonable grounds' " based on "empirical facts" to believe that there was " 'an immediate need' " for assistance (Turner, 175 AD3d at 1783, quoting Doll, 21 NY3d at 670). Likewise, with respect to the third element, the evidence technician lacked a " 'reasonable basis, approximating probable cause' " to associate any emergency that might have once existed, i.e., an unresponsive woman lying in the bathroom, to the search of the bedrooms of the residence (Liggins, 64 AD3d at 1215).
Because the warrantless search of defendant's residence was not justified under the emergency exception to the warrant requirement, the evidence seized as the result of that search, including the evidence seized pursuant to the search warrant that was subsequently issued, should have been suppressed (see id. at 1216). We therefore reverse the judgment, vacate the plea, grant that part of the omnibus motion of defendant seeking to suppress physical evidence seized from the residence, dismiss the indictment against defendant, and remit the matter to County Court for proceedings pursuant to CPL 470.45.
In light of our determination, we do not address defendant's remaining contentions.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court